**E. C. BRACHT, Plaintiff-Appellee,**

v.

**FREEPORT OFFSHORE, INC.,**
**Defendant-Appellant.**

**No. 27293**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

July 25, 1969.

William L. Ellis, Ellis & Andrew, Aransas Pass, Tex., for appellant.

Bob J. Spann, McDonald, Spann & Smith, Corpus Christi, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

This is an appeal from the lost wages portion of a judgment in favor of plaintiff Bracht in a suit claiming maintenance and cure, and damages for diminution of earning capacity, pain and suffering, and lost wages. Plaintiff was employed on the MISS RIK, an offshore dynamite vessel engaged in seismographic operations in the Gulf of Mexico near the Texas coast. The vessel was being operated by defendant Freeport Offshore, Inc.

On September 25, 1965, by reason of mechanical failure, the engine room of the MISS RIK was flooded with diesel fuel. Bracht worked for several hours in the flooded engine room attempting to locate and repair leaks and in pumping the fuel overboard. His feet and ankles were immersed in the diesel fuel for an extended period of time and as a result thereof he suffered fuel burns and inflammation of his feet and ankles. The inflammation ultimately developed into erysipelas of the lower right leg. The vessel came into port on September 29, 1965 to take on supplies and Bracht left the crew temporarily because of the inflammation. The vessel continued working in the Gulf of Mexico until January 1966, and then engaged in operations in Florida until October 12, 1966. Bracht never rejoined the crew.

The trial court found that the vessel was unseaworthy; that defendant was negligent; and that such unseaworthiness and negligence proximately caused Bracht's illness and injuries. The court also found that Bracht was entitled to maintenance and cure from September 30, 1965 until June 10, 1966, the date when he had reached his maximum cure; that Bracht did not suffer any diminution of earning capacity; and that he was entitled to $3,000 for pain and suffering and $93.75 for medical expenses. There is no appeal from any of these findings or awards.

The appeal is from a further finding that Bracht was entitled to lost wages from September 30, 1965 to October 12, 1966, the latter date being when the trial court found that the voyage ended. We affirm but not on the "voyage end" basis.

Freeport contends that the lost wages claim embraced only those wages due as a part of maintenance and cure and not

as an element of damages under his unseaworthiness or Jones Act negligence claim. See Vickers v. Tumey, 5 Cir., 1961, 290 F.2d 426; The Law of Admiralty, Black and Gilmore, p. 268; 1 Benedict on Admiralty (6 ed.), p. 253. Thus it is argued, the voyage ended on September 29 when the MISS RIK came into port.

Bracht, on the other hand, contends that he had employment on the MISS RIK which would have continued through the completion of the Florida contract on October 12, 1966 but for his injury and illness. He relies on the case of Rofer v. Head & Head, Inc., 5 Cir., 1955, 226 F.2d 927, for the proposition that he is entitled to wages during the period of this employment contract. He also contends that the wages claim was based on the causes of action for negligence and unseaworthiness rather than being a part of maintenance and cure.

The terminology "end of voyage" used by the district court sounds as a part of the maintenance-wages-cure claim as distinguished from the claim based on negligence and unseaworthiness. The failure to draw this distinction was a part of the problem in Vickers v. Tumey, supra. There the court made the following statement, as apt here as it was there:

"  *  *  *  a classic element of damages in any personal injury claim where the standard of recovery is a pecuniary loss, is the inability, or reduced ability, to earn wages. Consequently, in a seaman's action either under the Jones Act or maritime doctrine of unseaworthiness, a part of the recovery, if otherwise permissible, will be the loss of wages from the date of the injury down to the trial and, if established, the probable loss of wages in the future.  *  *  *  On the other hand, wages, in the maintenance-wages-cure sense is a very limited award. Perhaps offsetting its limited nature in terms of duration is the compensating feature that for an illness or

injury suffered in the service of the ship, such wages are due as matter of right wholly without regard to unseaworthiness or negligence or both."

We construe the suit here as claiming lost wages under the maritime doctrine of unseaworthiness and also under the negligence aspect. They were due in either event in view of the findings on unseaworthiness and negligence.

This leaves the amount or period of the probable loss of wages. There is sufficient evidentiary basis for the conclusion reached by the district court that Bracht's period of employment would have continued to October 12, 1966 but for the illness and injury. This appears from his own testimony and is a fair inference from one of the corporate officers of Freeport. There the matter ends under the clearly erroneous standard. McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20.[1] Bracht offered no proof of other lost wages but the proof sufficed for this period.

Affirmed.

---

1. We do not consider the denial of Bracht's claim for attorney's fees in view of his failure to take a cross-appeal.